PER CURIAM
This proceeding arises out of an application for reinstatement to the practice of law filed by petitioner, James E. Moorman, III, a suspended attorney.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Over a three-month period of time in 2013, while petitioner was experiencing severe depression, he engaged in misconduct involving neglect of his clients' legal matters, failure to refund unearned fees, and failure to properly supervise his non-lawyer staff. Specifically, petitioner collected approximately $16,500 in fees from clients and then failed to provide the services for which he was paid.
*493 In August 2013, members of the judiciary and friends in the legal community conducted an intervention. Thereafter, petitioner was admitted to the Ridgeview Institute ("Ridgeview") for inpatient treatment. During his treatment, petitioner contacted the Judges and Lawyers Assistance Program ("JLAP") and voluntarily surrendered his law license by joining the Office of Disciplinary Counsel ("ODC") in filing a joint petition for his interim suspension. After considering the joint petition, we suspended petitioner from the practice of law on an interim basis. In re: Moorman , 13-2430 (La. 10/21/13), 128 So.3d 268.
Following his initial treatment for depression, petitioner was transferred to the inpatient addiction program at Ridgeview, where he remained until he was discharged in December 2013. He discontinued his contract with JLAP in November 2013.
In December 2015, the ODC filed formal charges against petitioner. Petitioner stipulated that he engaged in the alleged misconduct and had made restitution of approximately half of the $16,500 in unearned fees he collected from his clients. For this misconduct, we suspended petitioner from the practice of law for three years, retroactive to the date of his interim suspension, and ordered him to make restitution to his clients or the Louisiana State Bar Association's Client Assistance Fund ("CAF"), as appropriate. In re: Moorman , 17-0431 (La. 4/24/17), 217 So.3d 316 (" Moorman I ").
In July 2017, more than three years after the effective date of petitioner's suspension, petitioner filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The ODC took no position regarding the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
During the hearing, testimony and evidence was presented indicating that petitioner has seen a therapist to deal with his depression since January 2014 and is no longer depressed. Further evidence presented at the hearing indicated that petitioner made restitution to six of the ten clients who were the subject of Moorman I . The remaining four clients were reimbursed through the CAF, which provided a certificate showing payments totaling $10,235.61 were made to these four clients. Petitioner provided the hearing committee with a copy of a promissory note he signed on May 2, 2017, in which he promised to pay the CAF $10,235.61 by making monthly payments of $100 beginning June 1, 2017. Finally, petitioner provided evidence of his monthly payments to the CAF.
Following the hearing, the hearing committee recommended that petitioner be reinstated to the practice of law on a conditional basis for one year, with the following conditions:
1. Petitioner must enter into a one-year contract with JLAP;
2. Petitioner must continue mental health counseling with a therapist for one year;
3. A practice monitor shall be appointed through the disciplinary board for the purpose of monitoring petitioner's law practice and shall include monitoring for compliance with trust account rules, accounting procedures, law office management procedures, adequate communications with clients, diligence in the representation of clients, and otherwise verifying compliance with the Rules of Professional Conduct;
*494 4. Should petitioner enter into a solo practice and/or handle client funds during the conditional period, a certified public accountant selected by the practice monitor shall be engaged at petitioner's expense to conduct a year-end audit of petitioner's trust account, operating account, and personal finances to provide documentation that petitioner is in compliance with these conditions of reinstatement;
5. Petitioner shall enroll in the Louisiana State Bar Association's Ethics School;
6. Petitioner must not violate the Rules of Professional Conduct during the period of conditional reinstatement;
7. Should petitioner have disciplinary complaints filed against him at any time during the period of conditional reinstatement, he must promptly and fully cooperate with the ODC's investigation; and
8. Any violation of any of these conditions shall result in a motion to revoke petitioner's conditional reinstatement with an expedited hearing to be conducted by the disciplinary board in a summary fashion.
Neither petitioner nor the ODC objected to the hearing committee's recommendation.
DISCUSSION
After considering the record in its entirety, we find petitioner has met his burden of proving that he is entitled to be reinstated to the practice of law on a conditional basis for one year, with the conditions recommended by the hearing committee. We also find that further precautions are warranted to insure that the public will be protected upon petitioner's return to practice. See Supreme Court Rule XIX, § 24(J). Specifically, we find it appropriate to place an additional condition on petitioner's reinstatement to ensure that he continues to make his monthly payments to the CAF.
Accordingly, we will order that petitioner be reinstated to the practice of law, subject to a one-year period of supervised probation governed by all of the conditions recommended by the hearing committee, plus the following additional condition:
Petitioner shall report quarterly to the ODC demonstrating that he is making his monthly payments to the CFA.
DECREE
Upon review of the recommendation of the hearing committee, and considering the record, it is ordered that James E. Moorman, III, Louisiana Bar Roll number 20528, be immediately reinstated to the practice of law in Louisiana, subject to a one-year period of supervised probation governed by the conditions set forth herein. The probationary period shall commence from the date petitioner, the practice monitor, and the ODC execute a formal probation plan. Should petitioner fail to comply with the conditions of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately, or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate. All costs of these proceedings are assessed against petitioner.